IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00803-MSK-BNB

COLONIAL PACIFIC LEASING CORPORATION, a Delaware corporation, and
HPSC, INC., a Delaware corporation d/b/a GE Healthcare Financial Services,

Plaintiffs,

v.

ERIC T. HELLAND, DDS, P.C., a Colorado corporation d/b/a Dental Associates at Eagles Nest d/b/a Helland Dentistry,
DENTAL ASSOCIATES AT EAGLE'S NEST, PLLC, a Colorado corporation d/b/a Helland Dentistry d/b/a Eric T. Helland, DDS, P.C.,
DENTAL ASSOCIATES AT EAGLE'S NEST, a Colorado corporation d/b/a Helland Dentistry d/b/a Eric T. Helland, DDS, P.C., and
ERIC T. HELLAND, DDS,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiffs' Motion to Strike Defendants' Answer and for Entry of Default** [Doc. # 19, filed 6/8/2012] (the "Motion"), which is GRANTED IN PART and DENIED IN PART as specified.

The case was commenced by the filing of a Complaint [Doc. # 1] which alleges that the defendants and HPSC entered into a 60 month finance agreement with respect to certain equipment used by the defendants. The monthly payments are alleged to be $822.23. The Complaint also alleged that Dr. Helland personally guaranteed the monthly payments. Finally, the Complaint alleges that the defendants have defaulted in making the required payments; owe HSPC $33,798.49; and have "failed and refused to repay a single penny of this amount." Complaint [Doc. # 1] at ¶¶27, 29, and 30. The Complaint asserts five claims for breach of

contract and one claim for replevin.

The defendants filed an Answer [Doc. # 17] on June 4, 2012. The Answer fails to admit or deny the factual allegations of the Complaint and merely asserts three affirmative defenses--(1) lack of standing based on a lack of contractual privity; (2) lack of subject matter jurisdiction based on an inadequate amount in controversy; and (3) payment.

Rule 8(b), Fed. R. Civ. P., addresses how a party must respond to a complaint and provides in relevant part:

> **(b) Defenses; Admissions and Denials.**
>
> **(1)** *In General.* In responding to a pleading, a party must:
> \* \* \*
> **(B)** admit or deny the allegations asserted against it by an opposing party.
>
> **(2)** *Denials--Responding to the Substance.* A denial must fairly respond to the substance of the allegation.
>
> **(3)** *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
> \* \* \*
> **(6)** *Effect of Failing to Deny.* An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

At the hearing on the Motion, defense counsel indicated that the defendants' intent in filing the Answer without responses to the factual allegations of the Complaint was to allow Dr. Helland "to keep his business alive and file an answer so that he would have time to be able to reach an agreement with the plaintiff." Record of Proceedings, July 16, 2012, at 3:09:35 through

3:09:50 p.m. On pointed questioning about whether the defendants intended to defend the action or merely to postpone proceedings in an attempt to reach a settlement, defense counsel responded that "[o]ur intent is to help Mr. Helland reach an agreement." Id. at 3:16:00 through 3:17:05 p.m. Significantly, the defendants have not responded to the Motion or to the plaintiffs' Supplemental Memorandum of Law [Doc. # 25], despite an opportunity to do so. However, at the hearing defense counsel also stated:

> If the court feels that a motion to strike is warranted in this situation, we would point to Rule 15 and ask for leave to amend that Answer to fix any errors that might be in place with that Answer at this time.

Record of Proceedings, July 16, 2012, at 3:09:56 through 3:10:13 p.m.

The Answer does not comport with the requirements of Rule 8. Consequently, I will grant the motion to strike. There is, however, a strong preference that cases be resolved on their merits and against the entry of default where a party intends to defend the action. Ruplinger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991). Consequently, I will allow the defendants a reasonable time to file an amended answer that complies with the requirements of Rule 8(b).

IT IS ORDERED:

(1)    The Motion [Doc. # 19] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to strike the Answer for failure to comply with the requirements of Rule 8(b); and

•DENIED insofar as the plaintiffs request that default enter against the defendants.

(2)    The defendants shall file an amended answer that complies with the requirements

of Rule 8(b) on or before **September 28, 2012**.

(3)     The case is set for a scheduling conference on **October 18, 2012, at 1:30 p.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  The parties shall complete their Rule 26(a)(1) disclosures on or before **October 8, 2012**, and shall submit a proposed scheduling order in the form of Appendix F.1, D.C.COLO.LCivR, on or before **October 11, 2012**.

Dated September 17, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge